UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DUANE LETROY BERRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LORETTA LYNCH, )<br>)<br>Defendant. ) | Case: 1:16-cv-00982<br>Assigned To : Unassigned<br>Assign. Date : 5/24/2016<br>Description: Pro Se Gen. Civil (F Deck) |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The plaintiff, who identifies himself as "the primary Trustee for BRIDGEWATER CAPITAL TR % BANK OF AMERICA TTE," Compl. at 9-29 (page numbers designated by the plaintiff), asserts a right to assets of Bank of America branch offices in Chicago, Illinois, Livonia, Michigan and Redford, Michigan, *see generally id.* at 6-29 – 10-29, 15-29 – 16-19. He demands a "[p]reliminary [i]njunction of the Trust's accompanying assets (Bank of America branches)," *id.* at 15-29 – 16-29, and, it appears, a "[m]andatory [i]njunction for [his] release" from custody, *id.* at 16-29.

"The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72-73 (D.D.C. 2007) (internal quotation marks and citation omitted). "To warrant a preliminary injunction, a movant must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an

injunction is in the public interest." *Pinson v. U.S. Dep't of Justice*, __ F. Supp. 3d __, __, 2016 WL 1408079, at *2 (D.D.C. Apr. 8, 2016) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)); *see Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). This Court's "power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised." *Dorfmann v. Boozer*, 414 F.2d 1168, 1173 (D.C. Cir. 1969) (internal quotation marks and citation omitted). Here, the Court has read the complaint carefully, yet is unable to identify either a cognizable legal claim or a persuasive argument of the plaintiff's entitlement to the injunctive relief he seeks.

The Court will dismiss the complaint because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). An order is issued separately.

_____
United States District Judge

DATE: May 20, 2016